**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  Case No: 8:02-CV-318-T-17MSS

REAL PROPERTY LOCATED
AT 3402 53RD STREET WEST,
BRADENTON, FLORIDA, INCLUDING
ALL IMPROVEMENTS THEREON
AND APPURTENANCES THERETO,

        Defendant.
_____/

**ORDER**

        This cause is before the Court on the United States of America's Motion for Summary Judgment as to Claimant James T. Slate and Incorporated Memorandum of Law, filed February, 11, 2005 (Doc. No. 35) and Defendant's response thereto, filed April 19, 2005 (Doc No. 43).

I. Background

        On February 20, 2002, the United States of America ("United States") filed a complaint for forfeiture in rem and a notice of *lis pendens* against real property located at 3402 53rd Street West, Bradenton, Florida, including all improvements thereon and appurtenances thereto ("property"). At the time the *lis pendens* was recorded, James T. Slate ("Slate") was an owner of the property. According to the United States, pursuant to 21 U.S.C. Section 881(a)(7), the property was subject to forfeiture because Slate used the property to facilitate the sale of illegal drugs. Specifically, in September 2000, the Drug Enforcement Administration initiated an investigation of Slate concerning drug trafficking activities occurring on the property. According to the United States, a reliable informant purchased cocaine from Slate at the property on numerous prior occasions. Subsequently, the Drug Enforcement Administration agents executed a search warrant on the residence at the property and seized approximately 395 grams of cocaine

Case No: 8:02-CV-318-T-17MSS

and 2 pounds of marijuana from within the residence.

On October 27, 2000, Slate was charged with several counts of sale/possession of cocaine and marijuana in <u>State of Florida v. James Thomas Slate</u>, Case No. 2000CF2528 (Manatee Cty. Cir. Ct.), and, again, on July 6, 2001, in <u>State of Florida v. James Thomas Slate</u>, Case No. 2001CF1507 (Manatee Cty. Cir. Ct.). Slate entered a nolo contendere plea to these charges on January 16, 2004, and was adjudicated guilty on these charges on February 27, 2004.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the court that there is an absence of evidence to support the nonmoving party's case. <u>Id.</u> at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. <u>See id.</u> When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. <u>Id.</u> at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. <u>See</u> <u>Spence v. Zimmerman</u>, 873 F.2d 256 (11th Cir. 1989); <u>Samples on behalf of Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> In deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably

Case No: 8:02-CV-318-T-17MSS

> may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

WSB-TV v. Lee, 842 F.2d 1266, 1270 (11th Cir. 1988) (internal citations omitted).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

III. United States' Motion for Summary Judgment

The United States requests that summary judgment be entered in its favor because the property is subject to forfeiture as real property used to facilitate the sale of drugs and Slate is not an innocent owner. Facilitating property is defined in 21 U.S.C.A. Section 881(a)(7) as property that is "used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year." When the government moves for summary judgment on a civil forfeiture, "the court first must determine whether, as a matter of law, the government has shown probable cause for forfeiture." See United States v. Four Parcels of Real Property, 941 F.2d 1428, 1439 (11th Cir. 1991).

Probable cause for forfeiture requires that a substantial connection exist "between the property to be forfeited and an illegal exchange of a controlled substance." See Four Parcels of Real Property, 941 F.2d at 1440 (citing United States v. Single Family Residence & Real Property Located at 900 Rio Vista Blvd., 803 F.2d 625, 628 (11th Cir. 1986)). Circumstantial evidence and hearsay may establish probable cause. See Four Parcels, 941 F.2d at 1440. Further, the existence of probable cause is judged with a common sense view and is sufficient even if the evidence suggests an alternative hypothesis. Id. A substantial connection between the property and the illegal activity is satisfied when the government shows that an illegal drug transaction occurred on the property. See United States v. Two Parcels of Real Property, 80 F.Supp.2d 1298, 1308 (M.D. Ala. 2000). If the offender used his home "to negotiate and plan an

Case No: 8:02-CV-318-T-17MSS

essential component of a specific drug transaction that actually took place," a substantial connection exists to permit forfeiture. See United States v. Approximately 50 Acres of Real Property, 920 F.2d 900, 903 (11th Cir.1991) .

In a civil forfeiture proceeding, if the United States establishes sufficient probable cause, the burden of proof shifts to the property owner to establish, by a preponderance of the evidence, that the property is not subject to forfeiture. See Four Parcels of Real Property, 941 F.2d at 1438. The property owner may satisfy this burden by "(1) rebutting the government's evidence that the property was used to facilitate illegal drug activity, or (2) showing that he was an innocent owner who did not know of the property's connection with drug sales." See Two Parcels of Real Property, 80 F.Supp.2d at 1308 (citing Four Parcels, 941 F.2d at 1442). If the property owner fails to meet this burden, the property is forfeited to the government.

The United States demonstrated probable cause that the property had a substantial connection to illegal drug activities. In support of its motion for summary judgment, the United States provided information that Slate was involved in drug activities at the property. Pursuant to a search warrant at the property, approximately 395 grams of cocaine and 2 pounds of marijuana were seized from inside the residence. Further, according to Special Agent Duralia's affidavit, Slate acknowledged during a post-Miranda interview that the drugs found in the residence belonged to Slate and that Slate traffics in illegal narcotics. In fact, Slate was subsequently charged and convicted of drug violations that occurred at the property. Also, even Slate acknowledged in his affidavit in support of his objection to forfeiture in rem: "I delivered narcotic drugs to my residence at the request and insistence of confidential informants directed by law enforcement officers."

Because the United States met its burden of establishing probable cause, the burden shifts to Slate to establish, by a preponderance of the evidence, that the property is not subject to forfeiture. Slate argues that the United States failed to demonstrate a substantial connection between the property and the drug activity because the integrity of the search warrant lacked probable cause. According to Slate, the confidential informant was unreliable and government agents facilitated the drug activity that occurred on the property. Slate's argument fails to rebut the government's evidence that the property was used to facilitate illegal drug activity. Rather, Slate limits his response to questioning the validity of the government's search. Slate's

Case No: 8:02-CV-318-T-17MSS

arguments lack merit because "an issue resolved in the government's favor in a criminal proceeding may not be challenged by the defendant in an attendant civil suit brought by the government." See Two Parcels of Real Property, 80 F.Supp.2d at 1308 (citing United States v. Schumann, 861 F.2d 1234, 1237 (11th Cir.1988)). As a result of the government's search of the property, Slate entered a nolo contendere plea to the drug charges and was adjudicated guilty of the charges. Thus, Slate's arguments are insufficient to rebut the United States' case because Slate did not assert innocent ownership of the property and Slate did not rebut the United States' evidence that illegal drug activity occurred on the property.

## IV. Conclusion

This Court finds that the United States established probable cause that the property is subject to civil forfeiture. Slate failed to adequately rebut the Government's evidence. Accordingly, it is

**ORDERED** that the United States' dispositive motion for summary judgment as to claimant James T. Slate (Doc. No. 35) be **GRANTED** and the Clerk of Court is **directed** to enter judgment for the plaintiff and against the claimant and to close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 28th day of June, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record